J. W. Burton, Sp. J.,
delivered the opinion of the Court.
H. L. Erwin, as administrator of Thomas O. Cul-ver, deceased, for the use of his widow and children,, sues D. E. Davenport for $10,000 damages, for running a train of cars over and killing the said Culver.
It is averred in the declaration that D. E. Davenport was appointed receiver of the Winchester and Alabama Railroad, in pursuance of the law on that subject, and while possessing, managing, and controlling the said road, and while engaged in running and *46 causing to be run an engine and train of cars on and over said road, by the negligence, inattention, and want of caution of the said Davenport and his employes, the said Culver, being upon one of the trains of cars, was thrown therefrom, whereby he was run over and lost his life.
To this declaration the defendant demurred, and assigned several causes of demurrer, one of which was, that it shows no cause of action against the defendant. The demurrer was sustained by the court, with leave to file a new declaration, which was done.
The new declaration contained the same averments as the first, with the following addition thereto, to-wit: That by the gross neglect, inattention, or want •of caution of the said defendant, and of his employes ; and in consequence of a material defect in the machinery and in the equipping for use of said train of cars, so used and run by the defendant and bis employes, which defect was known to the defendant and his employes, said intestate was thrown from and run over by the .said train, whereby he lost his life.
To this second declaration defendant demurred, and amongst other causes of demurrer was this: Because defendant was subject to the control of the Governor to the use of the State, and had only to obey, and could not act without orders and instructions; and also because plaintiff shows no cause of action against the. defendant.
This demurrer was also sustained, and the suit dismissed. From this judgment the plaintiff has appealed.
*47 This case involves the extent of the personal liability of public agent for alleged misfeasance and neglect, of himself and his employes under him. The defendant was appointed receiver of the Winchester & Alabama Railroad, under Sec. 1101 of the Code; as such' took possession and control of the road, and all the property and effects of the company, and managed the same for the benefit of the State. By virtue of his appointment he was vested with the powers and duties of the board of directors in managing the affairs of the company, and running trains for the benefit of the State. He was, therefore, a public agent of the State.
It is well settled that the government is not responsible for the misfeasances, or wrongs, or negligences, or omissions of duty, of the subordinate officers or agents employed in the public service; for it does not undertake to guarantee to any person the fidelity of any of the officers or agents whom it employs; and, indeed, laches are never imputable to the Government. Story on Agency, Sec. 319, Seymour v. Van Slyck, 8 Wend., 403; U. S. v. Kirkpatrich, 9 Wheat. R., 720.
It is also now established (subject to some qualifications) that the public officers and agents are not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty of the sub-agents, or servants, or other persons properly employed by and under them, in the discharge of their official duties. Story on Agency, Sec. 319, and authorities cited in the note.
*48 But it by no means follows tbat sucb public agents, or their subordinates, are exempted from all personal responsibility for misfeasances to third persons. Where the subordinate officers of the Government are guilty of direct misfeasances or positive wrongs to third persons in the discharge of their official functions, they incur the same personal responsibility, and to the same extent, as private agents. This rule rests upon the principle that no person shall shelter himself from -personal liability, who does a wrong, under cover of, but without any authority, or by an excess of his authority, or by negligent use or abuse of his authority. Story on Agency, Sec. 320.
It was determined by Lord Holt, in Lane v. Cotton, 12 Mod. R., 488, that for neglect in an agent there is no remedy against him, because his neglect is -only chargeable on his master or principal. But for a misfeasance, an action will lie against a servant or deputy, but not as a servant or ‘deputy, but as a wrong-doer. . This distinction between misfeasance and nonfeasance by agents, as to their personal liability therefor, though it may seem nioe and artificial, yet it is said by Mr. Story to be well established, although some niceties and difficulties occasionally occur d-n its practical applications to practical cases. Story on Agency, Sec. 309. But in all cases of misfeasances and positive wrongs by an agent to third persons, he is personally responsible, whether he did the wrong intentionally or ignorantly, by -the authority of his principal; for the principal could not confer on him any authority to commit a tort upon the rights *49 or property of another. Story an Agency, Sec. 311, and authorities cited in the note.
The application of the foregoing principles -to the averments in the two declarations will determine whether a good cause of action is stated in either.
The averm.ent in the first declaration is that Cul-ver, being on one of. the trains, was thrown therefrom, and lost his life by the running of one of the cars over him, and that this was produced by the negligence, inattention, and want of caution of the defendant and his employes. It is obvious that the gravamen of this averment is that the injury was the-result of nonfeasance or negligence, and not of misfeasance or positive wrong, on -the part of the defendant. For two reasons this averment does not contain .a good cause of action :
First. Assuming that Culver was an employe on the road, it is settled that, in becoming such an employe, he undertook the risk of such ordinary injuries as might result from the negligence or want of caution of those having control of the train. Without having averred, also, that the defendant had failed to exercise proper care in selecting his employes, or in using machinery free from defects, plaintiff could not recover even against the company. 1 Col., 611, N. & D. R.R. v. Jones, MS.
Second. As the averment is confined to nonfeasance or negligence on the part of the defendant, it is obvious that there can be no recovery against the defendant, upon the principle that in such case the principal and not the agent is responsible. We are, *50 therefore, of the opinion that the demurrer was properly sustained to the first declaration.
The averment in the second declaration is that Culver lost his life in consequence of the gross neglect, inattention, and want of caution in the defendant, and in consequence of a material defect in the machinery, and in the equipping of the train of cars, and which defect was known to the defendant.
The first of these averments attributes the injury to gross negligence on the part of the defendant, which, as we have already seen, is not sufficient to make him personally responsible. But the second averment goes further, and charges that the injury resulted from a material defect in the machinery, and in the equipping of the train, and that these defects were known to the defendant. It is obvious that if .the company had been in charge of the road, these averments would have been sufficient to render it liable for the injury. It was determined in the cases of the N. & C. R.R. Co. v. Elliott, 1 Col., 611, and N. & D. R.R. Co. v. Jones (determined at the present term), that a railroad company is bound to see that the road is in good order and safe, and that the engines, etc., are perfect and properly constructed, according to the present state of the art; and if the injury was occasioned by any imperfection in the road and machinery, or other culpable negligence, then the company would be liable for the injury. But in this case the State had interposed and superseded the company by the appointment of defendant as receiver. He was, therefore, the agent of the State in running *51 the road, and cannot be made responsible for mere negligence.
By his appointment as receiver, the same duties devolved upon him in seeing that the road and machinery were perfectly safe, which by law previously devolved upon the company. The averment in the declaration is, that he had knowledge of a material defect in the machinery, and in the equipping of the train, and that with this knowledge he was running the train when the accident occurred, and that the accident was the result of the defect in the machinery, and of the equipment of the train.
This is an averment of a misfeasance and positive wrong. In such a case the agent is personally responsible, whether he did the wrong intentionally or ignorantly, by the authority of his principal, for the principal could not confer upon him any authority to commit a wrong upon the rights or property of another. We are, therefore, of opinion that the second declaration states a good cause of action, and that the demurrer was erroneously sustained.
The judgment of the court below is, therefore, reversed, and the cause remanded for further proceedings.